IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **GERALD ROBINSON,** | § § § | |
| *Plaintiff*, | § | |
| | § | CIVIL ACTION NO. 4:18-CV-316 |
| v. | § § | |
| **TARGET STORES, INC.** | § § | **(JURY DEMANDED)** |
| *Defendant*. | § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Plaintiff Gerald Robinson ("Plaintiff" or "Gerald") files this Complaint against Target Stores, Inc. ("Target") for the following reasons:

### I.
### INTRODUCTION

1. This suit is brought pursuant to 42 U.S.C. §§ 1981, 1988 and 2000a to a(6) due to Target's deprivation of Plaintiff's federal and state rights and privileges because of his race. Plaintiff seeks, among other things, compensatory and punitive damages, attorney's fees and costs as permitted by law.

### II.
### PARTIES

2. Plaintiff is a Texas citizen residing in the Southern District of Texas.

3. Defendant Target Stores, Inc. ("Target") is a Minnesota Corporation authorized to do business in Texas with its principal corporate offices located in St. Paul, Minnesota. Target can be served with process by serving its registered agent, CT Corporation System, located at 811 Dallas Avenue, Houston, Texas 77002.

## III.
## JURISDICTION AND VENUE

4. This action arises under the United States Constitution, particularly the Fourteenth Amendment and subsequent remedial legislation enacted pursuant thereto as codified in 42 U.S.C. §§ 1981, 1988, and 2000a to a(6), as well as under Texas law, including the Texas Constitution and Texas common law due to Target's unconscionable discriminatory conduct.

5. Venue is proper in the Southern District of Texas because the acts giving rise to Plaintiff's claims occurred in this District.

6. This Court possesses federal question and diversity jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332(a), 1343, and 42 U.S.C. §§ 1981, 1988, and 2000a to a(6).

## IV.
## PROCEDURAL REQUISITES & RESERVATION OF CLAIMS

7. Exhaustion of any administrative remedies or submission of Plaintiff's claims to the EEOC for pre-trial consideration is not required to pursue claims under 42 U.S.C. § 1981 or 42 U.S.C. § 2000a to a(6).

## V.
## FACTUAL BACKGROUND

8. The case involves the denial of Plaintiff's constitutional, federal and state rights to be free from unlawful discrimination because of his race. Target is a commercial enterprise engaged in interstate and intrastate businesses that also provides public accommodations to the public, including the provision of meals, food and merchandise. Plaintiff was a 21-year old black male who wished to buy food and merchandise at a Target store but was denied this right solely because of his race and Defendant's intentional and purposeful racial profiling of Plaintiff to such an extreme that Plaintiff could not close a contract to make any purchases in the store. ***See* Exhibit 1 attached.** This suit is filed to seek redress for Target's conduct.

9. At the age of 20, Gerald was employed as a restaurant manager at an eating establishment in a concourse at the George Bush Intercontinental Airport located in Houston. He regularly worked thirty hours a week in his job and supervised approximately thirty employees. At the same time, he was paying his way through college and using his manager's salary to pay for his college books, supplies and tuition.

10. Gerald has never been arrested or charged with any crime. He is a hard-working young man who ultimately wants to help others after he finishes his education.

11. Despite his hard work and good record, Gerald ran smack into the face of vicious racism at the Defendant's store that deprived him of the right to contract or enjoy public accommodations as a white person. On March 30, 2017, Gerald finished his classes, went home and completed his homework, and decided to go to Defendant's commercial establishment identified as Target Store number 2389, located at 6931 FM 1960 Rd. E. in Humble, Texas 77346. He wished to buy food in the Target restaurant for dinner and to buy some headphones. He intended to sit in the restaurant after shopping to eat his dinner inside the store. He had more than enough money to pay for his dinner and to buy the headphones.

12. Gerald arrived at the Target store in the early evening hours to begin shopping. He was dressed in typical school clothing that did not suggest that he would be hiding or secreting any items in an effort to shoplift. As will be addressed below, the only suspicious thing about Gerald was that he was a black guy trying to shop and eat dinner in a Target store.

13. Shortly after entering the store, Gerald noticed a white female staring at him. The female held a device in her hand that was either a radio, walkie-talkie or cellphone. As Gerald proceeded into the store heading toward the electronics department he noticed the white female following close behind him. As he walked down one store aisle, she followed close behind. As

he turned to walk down another aisle, so did she. When Gerald finally reached the electronics department to purchase the headphones, the white female in a loud and audible tone so Gerald could hear her spoke into the device she was carrying and said "I'm following the black guy." This statement was made in a manner and tone so that Gerald would know that she was talking about him. There was no other other "black guy" in the area where Gerald and the female were located when the statement was made. There were other people present who surely heard this accusatory statement. Feeling embarrassed and ashamed, Gerald hurried himself and decided to try to go to the restaurant inside the store to buy his dinner and show the female he had money and wanted to spend it. He was not there to steal anything. The white female, however, followed him again. She made no effort to hide her intention to intimidate Gerald until he left the store. As Gerald approached the restaurant, the white female positioned her body to let Gerald know that he was not welcome to eat in the restaurant and should leave the store immediately. He did. However, the madness did not stop there.

14. The female followed Gerald out of the store and to his car. There she yelled at Gerald and said that he was "a thief" and was not permitted to return to the store. Gerald insisted that he had not stolen anything—which was true— and asked the female for her name, which she refused to provide. Gerald then called her supervisor so that he could lodge a complaint about her denial of his ability to purchase items as any white person might have been permitted. In speaking with the supervisor, however, instead of correcting the wrongful conduct he merely said to Gerald "I'll talk to her." He never apologized and appeared to brush off the comply implying that the conduct of the female was acceptable. It was not!

15. Through investigations, Plaintiff has learned that the white female and her supervisor were managers of the Target store. As such, both of these individuals were Defendant's

vice principals for which Target is directly liable. They were also agents of the defendant for which Target is vicariously liable for the damages asserted in this case.

16. Gerald had not stolen anything! Defendant's agents interfered with and prevented him from completing his contract to buy food and merchandise in violation of the aforementioned laws. Defendant's agents also defamed Gerald by speaking in the presence of others and calling him a "thief" and that he had committed a criminal or unlawful act, which was not true. Such conduct constitutes defamation *per se*.

17. A casual review of public filings shows that Gerald's experience at Target is not a unique occurrence with this Defendant. Target has been repeatedly accused of racial bias, and has been fined and paid over $3 million in fines because of its discriminatory practices. **See Exhibits 2 and 3 attached.** And while the attached accounts involve Target's hiring practices, the facts in this case show that the racially discriminatory climate of Target is so pervasive that it also tolerates such conduct against black customers such as Gerald. Defendant's conduct that denied Gerald of his ability to contract for the public accommodation of food and merchandise is reprehensible. Gerald seeks damages, both compensatory and punitive, against this Target.

## VI.
## CAUSE OF ACTION – 42 U.S.C. § 1981

18. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

19. Defendants intentionally or consciously engaged in the aforementioned conduct in violation of 42 U.S.C. § 1981.[1]

---

[1] Congress enacted the Civil Rights Act of 1866 to ensure "that a dollar in the hands of a Negro will purchase the same thing as the dollar in the hands of a white. . ." *Jones v. Alfred H. Mayer Co.*, 392 U.S. 409, 443 (1968).

20. Plaintiff is (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendants; and (3) the discrimination concerns one or more of the activities enumerated in § 1981 including, but not limited to, the right to make and enforce contracts on the same basis as white citizens.

21. Target is directly and/or vicariously liable for the acts of its agents and vice principals identified in this suit.

## VII.
## CAUSE OF ACTION – 42 U.S.C. § 2000a to a(6)

22. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

23. Defendant intentionally and/or consciously engaged in the aforementioned conduct, policies, and customs in violation of 42 U.S.C. § 2000a to a(6).

24. Plaintiff is (1) a member of a racial minority; (2) there was an intent to discriminate against him on the basis of race by Defendants; and (3) the discrimination occurred at a public accommodation – specifically, that Plaintiff was discriminated against by being prevented from purchasing his dinner in the food court inside of the Target store.

## VIII.
## CAUSE OF ACTION – TEXAS CONSTITUTION

25. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

26. Defendant intentionally and/or consciously discriminated against Plaintiff on the basis of race and, as such, violated Section 3a of the Texas Constitution. Defendant is liable by way of its policies and practices, as well as being directly liable for the conduct of its vice-principal, for the racial discrimination detailed above.

## IX.
## UNCONSCIONABLE CONDUCT

27. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

28. Defendant engaged in unconscionable conduct by way of its policies and practices, as well as being directly liable for the unconscionable conduct of its vice-principal, for the racial discrimination detailed above.

## X.
## JURY DEMAND

29. Plaintiff demands a jury trial.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Target be cited to appear and answer herein and that after a final trial on the merits Plaintiff have all of the following relief:

- Actual damages in excess of $100,000:
- Mental anguish damages in the past and future;
- Punitive damages of at least $500,000; and
- Attorney's fees and costs pursuant to 42 U.S.C. § 1988.

And such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

*/s/ Benjamin L, Hall, III*
**Benjamin L. Hall, III**
Attorney-in-Charge
State Bar No. 08743745
Federal Bar No. 8787
THE HALL LAW FIRM
530 Lovett Boulevard
Houston, Texas 77006
Telephone: (713) 942-9600
Facsimile: (713) 942-9566
Email: bhall@bhalllawfirm.com

-AND-

**Adrian V. Villacorta**
State Bar No. 24003111
Federal Bar No. 31243
THE VILLACORTA LAW FIRM, P.C.
530 Lovett Boulevard
Houston, Texas 77006
Telephone: (832) 991-8864
Facsimile: (832) 201-7469
Email: avillacorta@avv.com

**ATTORNEYS FOR PLAINTIFF**